## [No. 1350.]
### LINCOLN UNIVERSITY v. RICHARDSON.

PLEADING AND PRACTICE—DEED OF TRUST—RELEASE.

A complaint, by the legal holder of a promissory note secured by deed of trust, to cancel a release of the deed of trust which states that the debt is unpaid and that the property was released by the trustee without the knowledge or consent of plaintiff sufficiently states a

cause of action. A complaint is not demurrable because it goes into needless detail.

*Appeal from the District Court of Arapahoe County.*

Mr. THOS. H. HARDCASTLE, for appellant.

Messrs. Rogers & STAIR, for appellee.

THOMSON, P. J., delivered the opinion of the court.

Appeal from judgment entered on order sustaining demurrer to complaint. The complaint alleged that on the 26th day of March, 1890, the defendant, Richardson, by his promissory note promised to pay to the order of the Colorado Securities Company $600 on the first day of March, 1895, with interest from maturity at two per cent per month; that on the same day, for the purpose of securing the payment of the note, Richardson executed to the defendant, Henry J. Aldrich, as trustee, a deed of trust, conveying certain real estate to him, and empowering him, in case of default in the payment of the note, or in case of Richardson's default in some other particulars, mention of which is unnecessary, to advertise and sell the land, and apply the proceeds, after deducting some specified commissions, charges and expenses, to the payment of the note; that before its maturity, and for value, the securities company indorsed the note to the plaintiff, the Lincoln University; that the interest on the note was paid up to the first day of March, 1895, but that no part of the principal, or subsequently accruing interest, was ever paid; that according to the information received by the plaintiff, Richardson, in December, 1894, paid an amount equal to the amount due on the note to Aldrich, who never accounted for the money, but fraudulently retained it and applied it to his own use; that Aldrich then executed to the defendant, Richardson, an instrument releasing the property conveyed as security, and discharging and canceling the trust deed, falsely reciting that Richardson had fully paid

and satisfied the note; that when Aldrich received the money the note was not in his possession; that the payment to Aldrich was without the consent or knowledge of the plaintiff; and that Aldrich had no authority to execute the deed of release. The complaint prayed the cancellation of the deed of release and other relief.

The ground of demurrer was the insufficiency of the complaint. We are unable to see wherein the complaint fails to state a cause of action. If the debt was not paid, the release of the security by the trustee, without authority from the creditor, was, as between the debtor and creditor, a nullity. It is alleged that the debt was not paid, and that the property was released without the plaintiff's knowledge or consent; and upon proof of these facts the plaintiff was entitled to the relief prayed. It is maintained, however, that the complaint does not show but that the trustee in receiving the money had authority from the plaintiff for the purpose. We think the want of such authority sufficiently appears. It is stated that the payment to the trustee was without the consent of the plaintiff; but if the trustee had authority to receive the money, then the payment to him was not without the plaintiff's consent; and the averment of want of consent is equivalent to an averment of want of authority. The allegations concerning the payment of the money to the trustee were unnecessary. Unless he was the plaintiff's agent, payment to him was not payment, and the allegation that the debt was unpaid was enough; but a complaint is not demurrable merely because it goes into needless detail. We think the court erred in sustaining the demurrer, and the judgment is therefore reversed.

*Reversed.*